ORIGINAL

# In the United States Court of Federal Claims

FILED

No. 15-162C
(Filed: September 10, 2015)

SEP 1 0 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| DEXTER L. DAVIS, | ) | *Pro Se*; Rule 12(b)(1), Subject-Matter |
| | ) | Jurisdiction; Rule 12(b)(6), Failure to |
| Plaintiff, | ) | State a Claim; Rule 56, Motion for Partial |
| | ) | Summary Judgment; Rule 12(c), |
| v. | ) | Judgment on the Pleadings; *In Forma* |
| | ) | *Pauperis*. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Dexter L. Davis*, Sondheimer, LA, Plaintiff *pro se*.

*Delisa M. Sanchez*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., and *J. Carlos Alarcon*, Attorney Advisor, Of Counsel, U.S. Department of Agriculture, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se*, Dexter L. Davis, brought this action seeking monetary damages, discharge of relevant debts and "a tax payment" against the United States, relating to allegations that the United States Department of Agriculture ("USDA") engaged in race-based discrimination when the government denied plaintiff's request for a loan subordination. The government has moved to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), alleging lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff has also filed motions to proceed *in forma pauperis,* for partial summary judgment and for judgment on the pleadings, pursuant to 28 U.S.C. § 1951(a) and RCFC 56 and 12(c). For the reasons set forth below, the Court (1) **GRANTS** defendant's motion to dismiss; (2) **DENIES** as moot plaintiff's

1

motion for partial summary judgment; (3) **DENIES** as moot plaintiff's motion for judgment on the pleadings; and (4) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

Plaintiff received several loans from the Farmers Home Administration (now the Farm Service Agency or "FSA") at various periods beginning in 1984. Compl. at 1. In his complaint, plaintiff alleges that officials with the USDA and the FSA engaged in race-based discrimination when they denied his 2010 request for loan subordination. *See generally* Compl. Specifically, on December 2, 2010, plaintiff applied for loan servicing subordination with the USDA. Compl. at 5-6; App. to Def. Mot. at 31-34, 160-64. On February 24, 2011, the USDA formally notified plaintiff that the agency denied his request for subordination. Compl. at 8; App. to Def. Mot. at 36-39. According to plaintiff, the FSA denied the subordination request "out of racial bias and retaliation for past complaints of discrimination; and for his participation in local resistance to race discrimination by the Agency." Compl. at 9.

On March 2, 2011, plaintiff appealed the subordination denial to the USDA's National Appeals Division. Def. Mot. at 5; App. to Def. Mot. at 141-46. In his appeal, plaintiff alleged the USDA engaged in racial discrimination and violated the timeliness requirements of the loan application process set out in 7 C.F.R. § 764.53(c). *Id.*; App. to Def. Mot. at 147. On April 19, 2011, the National Appeals Division dismissed his appeal. Def. Mot. at 5; App. to Def. Mot. at 147-50.

On November 20, 2014, plaintiff filed a complaint in the United States District Court for the Western District of Louisiana, asserting claims against four government officials in their individual capacities: Chris Beyerhelm, Chief Deputy Administrator of the USDA; Willie Cooper, State Executive Director of the FSA; Brad Smith, FSA Farm Loan Chief; and Steve Dooley, FSA local agent. Compl., *Davis v. Vilsack*, No. 3:14-cv-3320 (W.D. La. filed Nov. 20,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at ___"), the defendant's motion to dismiss ("Def. Mot. at __"), plaintiff's opposition thereto ("Pl. Opp. at __"), defendant's reply ("Def. Rep. at __"), and the appendices to the parties' submissions ("App. to ___"). Except where otherwise noted, the facts recited here are undisputed.

2014).[2]  On August 21, 2015, the complaint was dismissed with prejudice.  Judgment, *Davis*, No. 3:14-cv-3320.

On February 23, 2015, plaintiff filed a complaint in this Court.  *See generally* Compl.  In his complaint, plaintiff alleges nine causes of action—namely:

> (1) Breach of Contract;
> (2) Implied Covenant of Good Faith and Fair Dealing;
> (3) 15 U.S.C. § 1122;
> (4) Implied in Fact;
> (5) Expressed in Fact;
> (6) Breach of Fiduciary Duty;
> (7) Just Compensation Clause;
> (8) Unjust Enrichment; and
> (9) Instrumental(s).

Compl. at 19.

Plaintiff asserts different causes of action, as well as different grounds for jurisdiction, in the two complaints.  *Compare* Compl. at 1, 19, *with* Compl. at 1, 19, *Davis*, No. 3:14-cv-3320. But, the two complaints contain identical factual allegations in paragraphs 3 through 75 of both complaints and in the prayers for relief in both complaints.  *Compare* Compl. at ¶¶ 3-75, Prayer for Relief, *with* Compl. at ¶¶ 3-75, Prayer for Relief, *Davis*, No. 3:14-cv-3320.

### B.    Procedural Background

On February 23, 2015, plaintiff filed his complaint in this case.  *See generally* Compl. On the same date, plaintiff also filed a motion to proceed *in forma pauperis*.  *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.  On April 24, 2015, the government moved to dismiss plaintiff's complaint under RCFC 12(b)(1) for lack of subject-matter jurisdiction and under RCFC 12(b)(6) for failure to state a claim upon which relief may be granted.  *See generally* Def. Mot.; RCFC 12(b)(1); RCFC 12(b)(6).  Plaintiff filed a motion for partial summary judgment on

---

[2] The complaint filed in the United States District Court for the Western District of Louisiana also included claims against defendant Tom Vilsack, the United States Secretary of Agriculture, in his official capacity.  *See generally* Compl., *Davis*, No. 3:14-cv-3320.  The district court granted plaintiff's request to voluntarily dismiss those claims on February 10, 2015.  *See* Judgment, *Davis*, No. 3:14-cv-3320.

May 18, 2015, on his claim that the FSA violated 7 C.F.R. § 764.53(c). *See generally* Pl's. Mot. for Partial Summ. J.

When plaintiff failed to file a timely response to defendant's motion to dismiss, the Court issued an Order to Show Cause on June 5, 2015. *See generally* Order to Show Cause. Defendant moved to stay the briefing of plaintiff's motion for partial summary judgment on June 18, 2015. *See generally* Def. Mot. to Stay Briefing on Pl. Mot. for Partial Summ. J. The Court granted defendant's motion to stay on June 22, 2015. *See generally* Order, June 22, 2015. Plaintiff responded to the Order to Show Cause and filed a response to defendant's motion to dismiss on June 19, 2015. *See generally* Pl. Resp. to Show Cause Order; Pl. Opp. On July 9, 2015, defendant filed a reply in support of its motion to dismiss. *See generally* Def. Rep.

## III.   LEGAL STANDARDS

### A.   *Pro Se* Litigants

The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). However, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Further, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff still must establish the Court's jurisdiction by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010). And so, while the Court may excuse ambiguities in the plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### B.   Lack Of Subject-Matter Jurisdiction, RCFC 12(b)(1)

When deciding a motion to dismiss based upon a lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). But, plaintiff bears the burden of

establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

The United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976). To pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008).

### C.     Failure To State A Claim, RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson*, 551 U.S. at 94; RCFC 12(b)(6). To survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based on these facts, to find against the defendant. *Id.* at 679.

**D.    28 U.S.C. § 1500**

The jurisdiction of this Court is further limited by 28 U.S.C. § 1500, which states:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (2012).  "[T]he purpose of [section] 1500 is to prevent the United States from facing liability involving the same subject matter at the same time in separate fora."  *Nextec Applications, Inc. v. United States*, 114 Fed. Cl. 532, 538 (2014).

To determine whether section 1500 applies to two suits brought by the same plaintiff, the Court must determine "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action."  *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citations omitted).  Whether an earlier filed suit is considered "pending" within the meaning of section 1500 "is determined at the time the complaint is filed with the United States Court of Federal Claims."  *Id.* at 1375.  Two claims are "for or in respect to the same claim" under section 1500 "if they are based on substantially the same operative facts, regardless of the relief sought in each suit."  *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1731 (2011).  If the Court does not have jurisdiction due to section 1500, the Court must dismiss the case under RCFC 12(h)(3).  *See* RCFC 12(h)(3).

## IV.    DISCUSSION

For the reasons discussed below, the Court grants defendant's motion to dismiss; denies, as moot, plaintiff's motions for partial summary judgment and for judgment on the pleadings; and grants plaintiff's motion to proceed *in forma pauperis*.

### A.    The Jurisdictional Limitations Imposed By 28 U.S.C. § 1500 Bar Plaintiff's Claims

The Court is jurisdictionally barred from considering plaintiff's claims under 28 U.S.C. § 1500, which provides that this Court does not have jurisdiction over a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents."

*Tohono*, 131 S. Ct. at 1727; 28 U.S.C. § 1500.  For section 1500 purposes, whether a claim is pending against the United States is determined at the time the complaint is filed with this Court. *Brandt*, 710 F.3d at 1374.  In addition, under section 1500, multiple complaints are "for or in respect to" the same claim if they are based upon the same operative facts.  *Tohono*, 131 S. Ct. at 1731.

Plaintiff's claim are jurisdictionally barred by section 1500.  First, the facts of this case show that plaintiff had an earlier-filed suit pending in another court at the time of the filing of the complaint in this matter.  Def. Mot. at 3; Pl. Opp. at 3-4.  On November 20, 2014, plaintiff filed a complaint in the United States District Court for the Western District of Louisiana.  On February 23, 2015, when this complaint was filed, the earlier-filed suit in district court was open and active.  Compl., *Davis*, No. 3:14-cv-3320.  And so, plaintiff had another suit pending in district court when he filed the complaint in this case.

Second, the complaints in the district court case and in this matter are "for or in respect to" the same claim, because both complaints are based upon the same operative facts.  *Tohono*, 131 S. Ct. at 1731.  In this regard, the factual allegations in paragraphs 3 through 75 and the prayers for relief in both complaints are identical.  *Compare* Compl., *with* Compl., *Davis*, No. 3:14-cv-3320.  Because the operative facts alleged here are identical to the operative facts alleged in the complaint brought before the United States District Court for the Western District of Louisiana, plaintiff's complaints in these two cases are "for or in respect to" the same claim within the meaning of section 1500.  28 U.S.C. § 1500.

Nonetheless, plaintiff argues that section 1500 does not bar his claim here, because his district court case involves a so-called *Bivens*[3] action against certain USDA employees and officials.  Pl. Opp. at 5-6; *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff further argues that he did not have a claim "pending *against the United States or its agents*" at the time that he filed the complaint in this Court, because his district court case is a *Bivens* action.  28 U.S.C. § 1500 (emphasis added); Report and Recommendation at 8, n.7, 14, *Davis*, No. 3:14-cv-3320 (April 7, 2015) (holding that plaintiff's

---

[3] "'Under *Bivens*, a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights.'" *Hernandez v. United States*, 757 F.3d 249, 272 (5th Cir. 2014) (citing *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 622 n.1 (5th Cir. 2006)).

claims include several *Bivens* causes of action); *see also* Judgment, *Davis*, No. 3:14-cv-3320 (August 21, 2015). Plaintiff's arguments are misguided.

The fact that plaintiff's district court case involves a *Bivens* action against several USDA officials does not overcome the jurisdictional limitations imposed by section 1500 in this case. 28 U.S.C. § 1500. In this regard, the jurisdictional bar imposed by section 1500 applies when a prior pending case is brought against a "person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States". 28 U.S.C. § 1500; *see also Tohono*, 131 S. Ct. at 1728 ("The CFC bar applies even where the other action is not against the Government but instead against a 'person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.'"). And so, the question to resolve here is not whether the United States is a named defendant in plaintiff's district court case. But, rather, at the time when the causes of action alleged in that case arose, were the named defendants in that case "acting or professing to act, directly or indirectly under the authority of the United States"? *Id.* And so, "[t]he operative facts of [plaintiff's] claim, rather than choice of defendants [is] dispositive" for section 1500 purposes. See *Gaubert v. United States*, 28 Fed. Cl. 597, 601 (1993) (citing *Keene Corp. v. United States*, 508 U.S. 200, 204 (1993)).

Here, a plain reading of plaintiff's district court complaint—and the complaint in this matter—shows that the named defendants in plaintiff's district court case were acting or professing to act, directly or indirectly under the authority of the United States at the time that plaintiff's claims arose. Specifically, the district court complaint states that plaintiff's claims against these defendants arose when the defendants were managing plaintiff's loan subordination request on behalf of the USDA. *See generally* Compl., *Davis*, No. 3:14-cv-3320.[4] Plaintiff's district court complaint also characterizes the conduct that gave rise to his claims as the actions of either the USDA or the FSA, further showing that plaintiff acknowledges that the defendants named in his district court complaint were acting under the authority of the United States. Compl. at 8-10, *Davis*, No. 3:14-cv-3320; *see also*, Compl. And so, given the factual allegations

---

[4] This fact is also confirmed by the factual allegations contained in plaintiff's complaint in this case. *See generally* Compl.

in plaintiff's district court complaint, and his complaint in this matter, there can be no genuine dispute that plaintiff sued the defendants named in the district court complaint for action undertaken in their roles as agents of the United States. Compl. at 5-10; Compl. at 5-10, *Davis*, No. 3:14-cv-3320. Given this, section 1500 bars plaintiff's claims here, and the Court must dismiss his complaint for lack of jurisdiction. 28 U.S.C. § 1500; RFCF 12(h)(3).

### B. The Court Lacks Jurisdiction Over Plaintiff's Discrimination And Unjust Enrichment Claims

Similarly, to the extent that plaintiff relies upon the Equal Credit Opportunity Act ("ECOA") or the Civil Rights Act to bring his discrimination and unjust enrichment claims, the Court also lacks subject-matter jurisdiction over these claims. 15 U.S.C. § 1691 *et seq*; 28 U.S.C. § 1500; 42 U.S.C. § 1983; *Frank & Breslow, LLP v. United States*, 43 Fed. Cl. 65, 68-69 (1999); RCFC 12(b)(1). In his complaint, plaintiff appears to assert a claim for unjust enrichment and discrimination claims under the ECOA and the Civil Rights Act. Compl. at 11; 15 U.S.C. § 1691 *et seq*; 42 U.S.C. § 1983. With respect to plaintiff's unjust enrichment claim, this Court has long recognized that "unjust enrichment is based on a contract implied in law." *Frank & Breslow*, 43 Fed. Cl. at 68 (citing *Glopak Corp. v. United States*, 12 Cl. Ct. 96, 104 n.6 (1987)). It is also well-settled that this Court lacks subject-matter jurisdiction over implied-in-law contracts. *Id.* at 68-69. And so, plaintiff's unjust enrichment claim must be dismissed for lack of subject-matter jurisdiction. RCFC 12(b)(1).

It is also well settled that this Court does not have subject-matter jurisdiction to consider plaintiff's claims brought pursuant to the ECOA and the Civil Rights Act. *Hall v. United States*, 69 Fed. Cl. 51, 55-6 (2005) (holding federal district courts have exclusive jurisdiction over ECOA claims); *Doe v. United States*, 74 Fed. Cl. 794, 798 (2006) ("Section 1983 jurisdiction, however, is conferred exclusively on the United States District Courts.") (citing 28 U.S.C. § 1343(a)). And so, to the extent plaintiff's claims are based upon either of these statutes, the claims must be dismissed. RCFC 12(b)(1).

### C. Plaintiff Fails To State A Valid Contract Claim

Even if plaintiff could overcome the jurisdictional limitations imposed by section 1500, the Court must still dismiss plaintiff's complaint, because plaintiff does not state a plausible

claim for which the Court may grant relief.[5]  RCFC 12(b)(6); *see also Twombly*, 550 U.S. at 570 (plaintiff fails to "state a claim to relief that is plausible on its face.").  And so, for the reasons stated below, plaintiff's breach of contract, trademark and takings claims must be dismissed for failure to state a claim upon which relief may be granted.  RCFC 12(b)(6).

      1.      **Plaintiff Fails To State Plausible Claims For Breach Of Contract And Breach Of The Implied Covenant Of Good Faith And Fair Dealing**

First, plaintiff fails to state a valid breach of contract claim.  In his complaint, plaintiff alleges he had "a loan and/or mortgage contract with the United States." Compl. at 1.  But, plaintiff's complaint does not show that he had a contract with the government.  *See generally* Compl.  Rather, the complaint mentions previous loans that plaintiff obtained from the FSA. Compl. at 1-2.  But, the complaint does not state that, or explain how, these prior loans constitute a valid contract by and between plaintiff and the government. Compl. at 1; Pl. Opp. at 6.

"To recover for breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irr. And Drainage Dist. v. United States*, 877 F.2d 957, 957 (Fed. Cir. 1989).  A valid contract may be either express or implied. *Oswalt v. United States*, 41 F. App'x. 471, 473 (Fed. Cir. 2002) ("To establish a valid contract (express or implied) . . . .").  An express contract requires "mutual intent to contract, including an offer, an acceptance, and consideration." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).  Plaintiff also must show the government agent had actual authority to bind the government. *Id*.  An implied-in-fact contract, on the other hand, must be "'founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) (quoting *Baltimore & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597 (1923)).

---

[5] Along with a claim for breach of contract, plaintiff also asserts implied-in-fact and expressed-in-fact contract claims.  For purposes of this Memorandum Opinion and Order, these three causes of action are addressed as breach of contract claims.  In addition, plaintiff asserts claims for implied covenant of good faith and fair dealing; pursuant to 15 U.S.C. § 1122; breach of fiduciary duty; Fifth Amendment takings; and instrumentals. *See generally* Compl.

Even considering plaintiff's *pro se* status, and thereby providing him greater leeway than litigants represented by counsel, plaintiff's complaint fails to identify a valid contract, either express or implied, between plaintiff and the United States. *See Haines*, 404 U.S. at 520-21. And so, under RCFC 12(b)(6), plaintiff fails to state plausible claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and the Court must dismiss these claims.[6]  RCFC 12(b)(6).

### 2.   Plaintiff Fails To State A Plausible Trademark Claim

Plaintiff's apparent trademark infringement claim under 15 U.S.C. § 1122 is equally flawed.  Section 1122 waives the United States' sovereign immunity from suit for violations under Chapter 22 of Title 15 of the United States Code.  15 U.S.C. § 1122.  Chapter 22 is entitled "Trademarks" and relates solely to trademarks. *See* 15 U.S.C., Chapter 22.  Even under a liberal construction, plaintiff's complaint does not contain any allegations regarding trademark issues. *See generally* Compl.  And so, this claim must also be dismissed for failure to state a claim upon which relief may be granted.  RCFC 12(b)(6).

### 3.   Plaintiff Fails To State A Plausible Takings Claim

Plaintiff also appears to allege a regulatory Fifth Amendment takings claim.  Compl. at 19 ("Just Compensation Clause" cause of action).  To the extent that he does so, the complaint fails to state a plausible takings claim.

The Fifth Amendment of the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation."  U.S. Const., amend. V.  Courts have traditionally divided their analysis of Fifth Amendment takings into two categories—regulatory takings and physical takings.  Within the context of a regulatory takings, a plaintiff must show that a statute or regulation actually effectuated the takings. *Niagara Mohawk Power Corp., v. United States*, 98 Fed. Cl. 313, 317 (2001).

Here, plaintiff failed to identify a statute or regulation that effectuated the takings. *See generally* Compl.; Pl. Opp. at 9-11.  Plaintiff alleges the government violated 7 C.F.R.

---

[6] The implied covenant of good faith and fair dealing "is an implied duty that each party to a contract owes to its contracting partner." *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005).  Because plaintiff failed to identify a valid contract between himself and the government, this claim must also be dismissed pursuant to RCFC 12(b)(6).  RCFC 12(b)(6).

§ 764.53(c) by failing to issue a decision within 60 days of receiving his loan application. Compl. at 8, 10; *see also* Pl. Mot. for Partial Summ. J. However, "'an uncompensated taking and an unlawful government action constitute two separate wrongs that give rise to two separate causes of action.'" *Acadia Technology, Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) (internal citations omitted). Because plaintiff alleges that the government violated a regulation, rather than that a lawful statute or regulation effectuated a takings of his property, the complaint fails to state a plausible takings claim, and the claim must be dismissed. RCFC 12(b)(6).

### 4. Plaintiff Fails To State Plausible Claims For Breach Of Fiduciary Duty And Instrumentals

In addition, plaintiff fails to state a valid claim for breach of fiduciary duty and instrumentals. Plaintiff does not explain his claims of breach of fiduciary duty and for instrumentals in the complaint, nor does he explain these claims in his opposition to the government's motion to dismiss. *See generally* Compl.; Pl. Opp. Rather, plaintiff simply lists these claims in the complaint without any further factual support. *See generally* Compl. To survive a motion to dismiss under RCFC 12(b)(6), plaintiff's complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678. Plaintiff's complaint simply fails to satisfy this standard. And so, plaintiff has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S at 570; RCFC 12(b)(6).

### D. Plaintiff's Motions For Relief Are Moot

Plaintiff has also filed motions for partial summary judgment and for judgment on the pleadings, pursuant to RCFC 56 and RCFC 12(c). *See generally* Pl. Mot. for Partial Summ. J.; Pl. Opp.; RCFC 56, 12(c). Because the Court lacks jurisdiction to consider plaintiff's claims, the Court must deny plaintiff's motions as moot. *See, e.g., Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff . . . has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

**E.    Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement**

Lastly, plaintiff meets the requirements to waive the Court's filing fee.  Plaintiff has filed a motion to proceed *in forma pauperis*.  In his motion, plaintiff alleges he lacks the financial resources to pay the Court's filing fee.  *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

On March 25, 2015, defendant filed a response to plaintiff's application to proceed *in forma pauperis*.  *See generally* Def. Resp. to Pl. Mot. to Proceed *In Forma Pauperis*.  Defendant takes no position on plaintiff's motion, but defendant raises two points for the Court's consideration.  *Id.* at 1-2.  First, defendant points out some of plaintiff's assets, including the $56,700 plaintiff received in income over the past twelve months and plaintiff's land, valued at approximately $500,000.  *Id.* at 1.  Second, defendant mentions plaintiff has filed two similar complaints in the recent past and was able to pay the requisite filing fees for those cases.  *Id.* at 2.

This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. See 28 U.S.C. § 1951(a); *see also* 28 U.S.C. § 2503(d).

Due to the Court's summary disposition of this case and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss.  And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** defendant's motion to dismiss;

(2) **DENIES** as moot plaintiff's motion for partial summary judgment;

(3) **DENIES** as moot plaintiff's motion for judgment on the pleadings; and

(4) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

LYDIA KAY GRIGGSBY
Judge